(4 App. Div. 432)

DUNLAY v. AMERICAN TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, Third Department. April 27, 1896.)

ACTION IN FORMA PAUPERIS—STIPULATION BY ATTORNEYS.

An order granting leave to an infant to sue as a poor person cannot be set aside merely on the stipulation of the attorneys of the parties, and on motion of plaintiff's attorney, where no affidavit of the facts was filed.

Appeal from special term, Albany county.

Action by John Dunlay, an infant, by Isaac McConihe, his guardian ad litem, against the American Telephone & Telegraph Company, for personal injuries. From an order denying a motion made by Daniel Dunlay, temporary guardian of plaintiff, to compel plaintiff's attorney to pay over to the temporary guardian the sum of $600, the full amount of the judgment recovered in the action, and from a further order to vacate and set aside as irregular an order which vacated and set aside a certain other order allowing plaintiff to prosecute the action as a poor person, the temporary guardian appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Abbott H. Jones (Edwin A. King, of counsel), for appellant.

Warren McConihe, for respondent.

PER CURIAM. The guardian ad litem in this action was appointed on the 4th April, 1895, on the application of the appellant, Daniel Dunlay, the father of the infant, who was then about eight years old. Upon the same day, upon the petition of the guardian ad litem, an order was made at special term that the plaintiff be admitted to prosecute as a poor person the present action; and an attorney was assigned to act as attorney for the plaintiff, in accordance with the provisions of section 460 of the Code of Civil Procedure. The action was immediately commenced by the attorney named. Issue was joined, and on the 31st May, 1895, the case was on the day calendar of the May term of the Rensselaer circuit. At that date, upon a stipulation signed by the plaintiff's attorney and by the defendant's attorneys, and on motion of the plaintiff's attorney, an order was made at the circuit that the order of April 4, 1895, allowing the plaintiff to sue as a poor person, be vacated and set aside. This order was filed on the 18th June, 1895. In the meantime, and on the 5th June, the case was tried, and a verdict was recovered in favor of the plaintiff for $600; and on the 6th June, 1895, judgment was entered thereon for the amount, together with $146.09, costs. This judgment was paid to the plaintiff's attorney, and by him discharged of record prior to the 18th June. On the

24th December, 1895, an order was obtained at special term by the plaintiff's attorney that the order of May 31, 1895, be filed .nunc pro tunc as of the day it was granted.   The appellant was appointed temporary general guardian on the 19th November, 1895, and thereupon made a motion at special term to vacate the order of May 31, 1895, and to require the plaintiff's attorney or the guardian ad litem to pay over to the general guardian the amount of damages recovered in the action.   This motion was in all things denied, and the general guardian appeals.

It is apparent from the papers that the plaintiff's attorney obtained the order of May 31, 1895, in order to enable him to receive from an expected recovery a greater compensation for himself or counsel than the law under which he was assigned to act permitted. Code Civ. Proc. §§ 460–467.   The only basis of the order of May 31st was the stipulation of the attorneys.   No affidavit of the facts was filed.   It is not shown that the father of the infant, even if he had authority so to do, ever assented to the change of basis upon which the plaintiff's attorney was assigned to prosecute the action.   Nor does there appear in the papers before us any satisfactory reason for such change.   We are of the opinion that the order of May 31, 1895, was improperly granted.

It is conceded by the counsel for the appellant that a guardian ad litem in a proper case may be reimbursed his necessary and proper expenses upon behalf of his ward in event of recovery, even though the ward sue as a poor person.

Order appealed from reversed, with $10 costs and disbursements, and motion to vacate the order of May 31, 1895, granted, with $10 costs; said costs to be paid by the attorney for the plaintiff personally, and proceedings remitted to special term for the determination of what allowances should be made to the guardian ad litem for expenses.